IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-41-BO-1
No. 4:16-CV-73-BO

| | |
|---|---|
| SHERMAN WAYNE HARRELL,<br>Petitioner, | )<br>)<br>) |
| v. | )     O R D E R |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 69]. The government filed a response, conceding that the relief which petitioner seeks is warranted. [DE 72].

## BACKGROUND

Petitioner pled guilty pursuant to a plea agreement to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924. [DE 34]. Petitioner appealed, and the judgment of the district court was affirmed.

## DISCUSSION

Petitioner contends that he is no longer properly classified as an armed career criminal in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* applies retroactively on collateral review. 136 S.Ct. 1257, 1265.

The government concedes that petitioner is no longer an armed career criminal under *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015). The government recognizes that, pursuant to *Newbold*, two of petitioner's previous convictions are no longer serious drug

offenses, which means petitioner lacks the three required predicate offenses for an enhanced sentence under §924(e).

As the government and petitioner agree that application of recent case law to petitioner's criminal history results in insufficient qualifying predicate convictions necessary to be sentenced as an armed career criminal under § 924(e), the Court, too, agrees and holds that resentencing of petitioner without application of the Armed Career Criminal Act is warranted.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is GRANTED, petitioner's sentence is hereby VACATED, and this matter shall be set for resentencing by separate notice. [DE 69].

SO ORDERED, this 12 day of August, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2